# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, | ] |
| | ] |
| | ] |
| v. | ] Criminal Case No. 24-mj-00012-MEH |
| | ] |
| **MICHAEL KARL GEILENFELD,** | ] |
| <u>Defendant</u> | ] |

## MOTION FOR RELEASE ON PERSONAL RECONGNIZANCE AND DETERMINATION OF VENUE

1.      At the behest and on behalf of The Child Exploitation and Obscenity Section of the DOJ (CEOS), the United States Attorney's Office in Raleigh, North Carolina, Criminal Division, empaneled a Grand Jury proceeding in January 2012 in the United States District Court for the Eastern District of North Carolina.

2.      On January 17, 2012, a subpoena was issued to Hearts with Haiti, Inc., for the provision of "travel documents for Michael GEILENFELD and any others traveling with GEILENFELD or on GEILENFELD'S behalf." Hearts with Haiti is a 501(c)(3) corporation servicing Mr. Geilenfeld's missions in Haiti.

3.     All travel documents of Mr. Geilenfeld and those traveling with him were duly produced on February 12, 2012 through counsel, Kenneth D. Bell, McGuireWoods, LLP, 201 North Tyron Street, Charlotte, North Carolina, on June 25, 2012.  [The Hon. Kenneth D. Bell is currently a Federal Judge.]

4.     The instant indictment involves travel to Haiti from 2006 to 2010. Therefore, the United States has had the defendant's travel documents for the relevant period since 2012.

5.     The Grand Jury returned a no-bill in or about May or June 2013.

6.     The Grand Jury Section of the DOJ Criminal Manual, Section 9-11.120A states:

> Approval Required Prior to Resubmission of Same Matter to Grand Jury: Once a grand jury returns a no-bill or otherwise acts on the merits in declining to return an indictment, the same matter ( i.e., the same transaction or event and the same putative defendant) should not be presented to another grand jury or resubmitted to the same grand jury  without first securing the approval of the responsible United States Attorney.

7.     Aside from not realizing that Mr. Geilenfeld's travel records for the period defined in the instant indictment were delivered by Mr. Geilenfeld in 2012, it appears that in its haste, the United States has not complied with its own manual. Mr. Geilenfeld sees nothing in the record about the requisite approval to proceed.

8.    Not only had the North Carolina grand jury been presented with all of the pertinent travel records, but agents of ICE and the FBI interviewed all of the witnesses presented by the reports alleging pedophilia, child abuse, and those agencies closed their files.

9.    Forum shopping should be made of sterner stuff.

10.   Mr. Geilenfeld has not traveled to Haiti since 2015 for any purpose.

11.   Mr. Geilenfeld and Hearts with Haiti brought a civil action sounding in defamation in Federal District Court in Portland, Maine and the jury awarded Mr. Geileinfeld and Hearts with Haiti $14.5 million. The First Circuit Court of Appeals reduced that verdict to zero due to an absence of diversity. Mr. Geilenfled and Hearts with Haiti sued in State court in Maine, and the matter settled with homeowner's insurance policies paying Hearts with Haiti $3.5 million.

12.   Detention is not supported since Mr. Geilenfeld has voluntarily appeared in every court proceeding in Haiti and the Dominican Republic.  He has no criminal record. Mr. Geilenfeld's innocence has been demonstrated to CEOS and DOJ time and time again and that innocence should not be unraveled here.

13.   Haiti issued a warrant for the arrest of Mr. Geilenfled when he was in the Dominican Republic but the United States Embassy intervened, pointed

out that the warrant had been withdrawn, and refused to extradite Mr. Geilenfeld but instead coordinated safe passage to the United States via Homeland Security, which agency has known his precise whereabouts from the time of Mr. Geilenfeld's arrival in New York to the present.

14.   Mr. Geilenfeld needs to remain free so that he can prepare fully for further proceedings. He urges this court to release him on personal recognizance.

## Venue

15.   Pursuant to *United States v. Pendleton*, (2011) 894 F.3d 978, proper venue for trial is the jurisdiction in which the defendant was arrested. Mr. Geilenfeld has insufficient funds to defend in Florida.

> Proper venue for criminal prosecution of crime of illicit sexual conduct with a minor in a foreign place was the district in which the offender was arrested, rather than the district in which the foreign travel commenced, even though one element of the offense was traveling in foreign commerce, where the criminal statute did not designate the venue, and the crux of the offense was the illicit sexual conduct, which was committed out of the jurisdiction of any district. 18 U.S.C.A. §§ 2423(c), 3237(a), 3238."

For the above reasons, further detention should be lifted and trial should take place in Colorado.

For Mr. Geilenfeld,


/s/ Robert F. Oberkoetter
Robert F. Oberkoetter, Esq.
426 Union Street
New Bedford, MA 02740
508-264-8108
r.oberkoetter@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system, has been sent electronically to counsel of record on this 25th day of January 2024.

/s/ Robert F. Oberkoetter, Esq.